UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RANDY ALLEN DARNELL,

    Petitioner,

v.

WARDEN KNIGHT,

    Respondent.

Civil Action
No. 22-5013 (CPO)

OPINION

**O'HEARN, District Judge.**

    Petitioner is a federal prisoner currently incarcerated at Federal Correctional Institution Edgefield, in Edgefield, South Carolina.[1] He is proceeding *pro se* with an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (hereinafter "Petition"). (ECF No. 6.) For the reasons stated in this Opinion, the Court will dismiss the Petition for Petitioner's failure to exhaust his administrative remedies.

## I.    BACKGROUND

    This case arises from the Bureau of Prison's ("BOP") calculation of Petitioner's jail credits. On October 8, 2016, Tennessee state authorities arrested Petitioner for the attempted sale or delivery of methamphetamine and related charges in Case No. 17CR61 and released him on bond that same day. (ECF No. 18-2, ¶ 3.) The next month, on November 16, 2016, state authorities again arrested Petitioner for the attempted sale or delivery of methamphetamine and related charges, this time in Case No. 17CR62. (*Id.*) A Tennessee state court released him on bail on March 6, 2017. (*Id.*) On September 15, 2017, the state court sentenced Petitioner in Case Nos.

---

[1] At the time of filing, Petitioner resided at Federal Correctional Institution Fort Dix, in Fort Dix, New Jersey.

17CR61 and 17CR62, to an aggregate term of four years, to be served concurrently, but suspended to four years of probation with one day of pretrial credit for October 8, 2016. (*Id.* ¶ 4.)

While on probation, state authorities arrested Petitioner on November 7, 2018, relating to Case Nos. 18CR3161 and 18CR3214, on drug distribution and related charges. (*Id.* ¶¶ 5–6.) Due to these new charges, the state court revoked Petitioner's probation in Case Nos. 17CR61 and 17CR62 and sentenced him to serve "100% of the original sentence less earned credits." (*Id.* ¶ 7.)

On January 8, 2019, a federal grand jury indicted Petitioner and various co-conspirators in a methamphetamine trafficking case. (*Id.* ¶ 8). The United States District Court for the Eastern District of Tennessee issued a writ of habeas corpus ad prosequendum for Petitioner. (*Id.* ¶ 9.) On January 28, 2019, the United States Marshals executed that writ and took temporary custody of Petitioner, who was still serving his state sentences from Case Nos. 17CR61 and 17CR62. (*Id.*) Ultimately, the State of Tennessee dismissed the charges in Case Nos. 18CR3161 and 18CR3214, in light of Petitioner's federal indictment. (*Id.* ¶ 10.)

The Eastern District of Tennessee sentenced Petitioner on December 19, 2019, to 113 months and 25 days in prison, to be served concurrently "with the remainder" of Petitioner's state sentences in Case Nos. 17CR61 and 17CR62. (*Id.* ¶ 11.) That court reduced Petitioner's federal sentence by "6 months and 5 days to account for the [time] . . . already served [in] . . . [Case Nos.] 17CR61 and 17CR62." (*Id.*)

Petitioner was returned to Tennessee state custody on February 5, 2020, to serve the remainder of his state sentences, which ran concurrent with his federal sentence. (*Id.* ¶ 12.) Petitioner completed his state sentences on August 2, 2021, and state authorities-maintained custody pursuant to a federal detainer until August 10, 2021, when federal authorities took custody of Petitioner to serve the remainder of his federal sentence. (*Id.* ¶ 13.)

Through the administrative remedy system, Petitioner challenged the BOP's calculation of his jail credits and sought additional credits for time served prior to the commencement of his federal sentence. (ECF No. 6, at 2–3; ECF No. 6-1.)  Petitioner alleges that he submitted a BP-8, BP-9, BP-10, and BP-11. (ECF No. 6, at 2–3; ECF No. 6-1.)  According to the BOP's records, however, the central office procedurally rejected Petitioner's BP-11 because he did not attach a copy of his earlier appeal and gave him fifteen days to re-file and cure that defect. (ECF No. 18-1, ¶ 5; ECF No. 1-1, at 12.)  It appears that Petitioner never filed an amended BP-11. (ECF No. 18-1, ¶ 5; *see* ECF No. 1-1 (attaching all of Petitioner's other administrative remedies and the BOP's responses, but not an amended BP-11)).  Petitioner did not contest this chain of events.

In August of 2022, Petitioner filed his original petition under 28 U.S.C. § 2241, (ECF No. 1), and the instant Petition, (ECF No. 6), in November of 2022.  Respondent filed an Answer opposing relief, (ECF No. 18), and Petitioner did not file a reply.

## II.     STANDARD OF REVIEW

Courts hold *pro se* pleadings to less stringent standards than more formal pleadings drafted by lawyers. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Courts must construe *pro se* habeas petitions and any supporting submissions liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998).  If a court does not dismiss the petition at the screening stage, the court "must review the answer, any transcripts and records . . . to determine whether" the matter warrants an evidentiary hearing. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts (made applicable to proceedings under § 2241 by Rule 1(b)). "Whether to order a hearing is within the sound discretion of the trial court," and depends on whether the hearing "would have the potential to advance the petitioner's claim." *Campbell v. Vaughn*, 209 F.3d 280, 287 (3d Cir. 2000); *States v. Friedland*, 879 F. Supp. 420, 434 (D.N.J.

1995) (applying the § 2255 hearing standard to a § 2241 petition), *aff'd*, 83 F.3d 1531 (3d Cir. 1996).

### III. DISCUSSION

The Court must address the issue of exhaustion as it appears that Petitioner has failed to exhaust his administrative remedies. Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, a federal prisoner may not ordinarily bring a § 2241 petition, challenging the execution of his sentence, until he has exhausted all available administrative remedies. *E.g.*, *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996).

Courts require exhaustion for three reasons: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761–62; *see also Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998); *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988). Nevertheless, exhaustion is not required where it would not promote these goals, such as where exhaustion "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm" *Lyons*, 840 F.2d at 205; *see also, e.g.*, *Gambino*, 134 F.3d at 171 (finding that exhaustion is not required where petitioner demonstrates futility).

To determine whether a prisoner has exhausted his administrative remedies, courts look to the agency's applicable grievance procedure and rules, in this case, the BOP. *See Jones v. Bock*, 549 U.S. 199, 218 (2007). Pursuant to the BOP's administrative remedy program, an inmate must

generally attempt to informally resolve the issue by presenting it to staff through a BP-8 form. *See* 28 C.F.R. § 542.13.  If that fails to informally resolve the issue, then the inmate may submit a BP-9 form to the warden. *See* 28 C.F.R. § 542.14.  An inmate who is dissatisfied with the warden's response may appeal to the regional director with a BP-10, and an inmate who is dissatisfied with the regional director's decision may appeal to the general counsel in the central office, through a BP-11. *See* 28 C.F.R. § 542.15(a).  An appeal to the general counsel is the final level of administrative appeal. *Id.*

With those principles in mind, Petitioner's own records appear to show that he has not exhausted his administrative remedies. (*See* ECF No. 1-1, at 12.)  They show that on July 25, 2022, the BOP central office procedurally rejected his BP-11 because he failed to attach a copy of his earlier appeal. (*Id.*)  The central office gave him fifteen days to cure the defect and file an amended BP-11. (*Id.*)  Respondent contends, and the BOP's records show, that Petitioner never filed an amended BP-11. (ECF No. 18, at 10–11; ECF No. 18-1, ¶ 5.)  Rather than perfect his BP-11, it appears that Petitioner filed his initial § 2241 petition approximately two weeks later, on August 8, 2022. (ECF No. 1, at 8.)

Petitioner had the opportunity to dispute these allegations, but he never filed a reply. Further, the Petition does not allege any facts that would permit the Court to find that exhaustion would be futile, that requiring exhaustion would subject Petitioner to irreparable injury, or any other reason to excuse exhaustion. (*See generally* ECF No. 6.) Consequently, the Court will dismiss the Petition for Petitioner's failure to exhaust his administrative remedies.

## IV.   CONCLUSION

For the reasons above, the Court will not excuse Petitioner's failure to exhaust, and will dismiss the Petition for his failure to exhaust his administrative remedies.  This dismissal is without prejudice to the filing of a new petition pursuant to 28 U.S.C. § 2241, under a new docket number, after Petitioner has exhausted his administrative remedies.  An appropriate Order follows.

DATED:  August 27, 2024

/s/ Christine P. O'Hearn
**Christine P. O'Hearn**
**United States District Judge**